WILLIAM H. CORLEY *vs.* ATLANTIC DISCOUNT CORPORATION.

Suffolk.     October 20, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Scope of employment.  *Contract*, Implied.

Evidence at the trial of an action against a motor vehicle sales corporation for the return of the price paid by the plaintiff to the defendant's sales manager for an automobile which the sales manager later induced the plaintiff to leave with the defendant for sale at a profit, afterwards refusing either to return to the plaintiff the automobile or his money, was *held* to warrant a finding that the sales manager was an employee of the defendant acting within the scope of his authority in dealing with the plaintiff and that the plaintiff was entitled to recover.

CONTRACT upon an account annexed for $275, alleged to have been had and received by the defendant to the plaintiff's use.   Writ in the Municipal Court of the City of Boston dated May 21, 1925.

On removal to the Superior Court, the action was tried before *Hammond*, J.  Material evidence is stated in the opinion.  A motion by the defendant that a verdict be ordered in its favor was denied.  There was a verdict for

the plaintiff in the sum of $294.62.  The judge reported the
action to this court for determination.

*W. J. McCarty*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

SANDERSON, J.  In this action the plaintiff seeks to re-
cover the purchase price of an automobile.  The jury re-
turned a verdict for the plaintiff and the case is before us
upon a report, after denial by the judge of the defendant's
motions for a directed verdict.

The defendant conducted an automobile sales room on
Commonwealth Avenue in Boston.  One George J. Calla-
ghan was sales manager, in full charge of the defendant's
business in that place, with authority to sell automobiles for
cash or on credit and to fix the terms of sale.  In February,
1925, the plaintiff went to the defendant's sales room to
purchase an automobile, was shown a Buick car and was
given a ride in it by Callaghan, and he thereafter purchased it
for $275, making a deposit thereon at the time and paying
the balance on the following day.  On one occasion when
the plaintiff called concerning the purchase of the car,
Lewis E. Smith, Jr., general manager of the defendant
corporation, was present.

Three or four weeks after the purchase, Callaghan asked
the plaintiff to call upon him and, in compliance with this
request, the plaintiff drove the Buick car to the defendant's
sales room.  While there he was asked by Callaghan if he
would like to sell the automobile at a profit and he replied
that he would be willing to do so.  The car then was put in
storage by a salesman of the defendant and the plaintiff was
not permitted to remove it.  Meanwhile Callaghan had
left the place.  When the plaintiff saw him a day or two
later, Callaghan told him that the defendant had no right
to sell the Buick car and that he, Callaghan, had been ordered
to recover it, offering to give the plaintiff another car or to
return his money.  The plaintiff said he would take another
car or the money, but thereafter he was unable to obtain
either.  There was evidence tending to prove that the
defendant did not own or have the right to sell the Buick car.

Upon the testimony the finding was justified that Calla-

ghan was held out as authorized to make the sale in question and to receive payment therefor in behalf of the defendant. Even if Callaghan failed to turn over to the defendant the purchase price of the car, it could have been found liable therefor.

The motions for a directed verdict were properly denied and, in accordance with the terms of the report, judgment on the verdict is to be entered for the plaintiff, with costs.

*So ordered.*